Ms. Cecilia Garcia Akers, P.T. Chairman Texas State Board of Physical Therapy Examiners 313 East Rundberg Lane Suite 113 Austin, Texas 78753
Re: Whether a chiropractor may advertise that he performs physical therapy (RQ-1742)
Dear Ms. Akers:
You ask whether a licensed chiropractor who is not a licensed physical therapist may advertise his services as "physical therapy."
Section 7(a) of the Physical Therapy Act, article 4512e, V.T.C.S., provides that:
 A person may not practice or represent himself as able to practice physical therapy, or act or represent himself as being a physical therapist unless he is licensed under this Act.
At first glance, it would appear that a chiropractor who is not also a licensed physical therapist may not advertise that he performs "physical therapy." However, section 6 of the same statute declares:
This Act does not apply to:
 (1) a licensee of another state agency performing health-care services within the scope of the applicable licensing act. . . .
Thus, by the specific language of the Physical Therapy Act, a chiropractor, who is "a licensee of another state agency performing health-care services," is totally exempted from every provision of the act.
It might be questioned whether "performing health-care services" includes the advertising of those services. To resolve this doubt, it is instructive to compare similar provisions of the Chiropractic Act, section 5a of article 4512b, V.T.C.S. That statute states initially that:
 A person may not practice chiropractic without being licensed to do so by the Texas Board of Chiropractic Examiners.
Unlike article 4512e, however, article 4512b furnishes more details regarding the application of its terms to other health care professionals. Specifically, section 13(d) states:
 This Act does not apply to a physical therapist duly qualified and licensed under Chapter 836, Acts of the 62nd Legislature, Regular Session, 1971 (Article 4512e, Vernon's Texas Civil Statutes), provided:
 (1) the physical therapist does not hold himself or herself out to the public as a chiropractor or use the term `chiropractor,' `chiropractic,' `doctor of chiropractic,' `D.C.,' or any derivative of those terms in connection with his or her name or practice; and
 (2) the physical therapist practices strictly within the scope of the license so held and in strict conformity with all applicable laws and regulations relating to the licensure.
Other exceptions in section 13 apply to physicians and surgeons, registered nurses, licensed vocational nurses, massage therapists, and persons who provide spinal screening services under article 4477-70, V.T.C.S.
Since the legislature, while exempting physical therapists from the terms of the Chiropractic Act, has in plain terms forbade them to advertise themselves as "chiropractors," it must be presumed that the legislature knows how to prohibit advertising when it wants to do so.
With regard to chiropractors' advertising their services as "physical therapy," the Legislature has not done so. On the contrary, it has completely exempted chiropractors from the scope of the Physical Therapy Act. We conclude that a licensed chiropractor who is not a licensed physical therapist may advertise his services as "physical therapy."
 SUMMARY
A licensed chiropractor who is not a licensed physical therapist may advertise his services as "physical therapy."
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General